IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ismail Dickerson,<br><br>　　PLAINTIFF,<br><br>　　v.<br><br>Charleston County; Charleston County Sheriff's Department; Sherriff Al Cannon, and Al Cannon Detention Center,<br><br>　　DEFENDANTS. | Civil Action No. 2:22-cv-2798-TLW<br><br>**Order** |

　　This is a *pro se* action brought by Plaintiff Ismail Dickerson. ECF No. 1. In his complaint, Plaintiff alleges violations of his constitutional rights by Defendants Charleston County, the Charleston County Sheriff's Department, Sherriff Al Cannon, and the Al Cannon Detention Center. This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Shiva V. Hodges. ECF No. 14. Plaintiff filed objections to the Report. ECF No. 16. This matter is now ripe for the Court's review.

　　The Report recommends that the Court dismiss Plaintiff's complaint because (1) Plaintiff's complaint fails to state a cognizable 42 U.S.C. § 1983 claim against either the Charleston County Sheriff's department or the Al Cannon Detention Center since they are not individuals; (2) Plaintiff has not made specific allegations against Sherriff Al Cannon, and (3) Plaintiff's claims are outside the applicable statute of limitations. ECF No. 14 at 3–7. Although the Report did not set forth the relevant dates for purposes of applying the relevant statute of limitations, the

Court notes that, based on its review of Plaintiff's complaint, the most recent date that Plaintiff alleges he was subject to false arrest occurred in either October or November of 2012. *See* ECF Nos. 1 & 16. Plaintiff's complaint was filed on August 22, 2022, which is well outside of South Carolina's three-year statute of limitations for false arrest. ECF No. 14 at 5 (discussing the applicable statute of limitations). The magistrate judge further recommends that Plaintiff's complaint be dismissed with prejudice because Plaintiff has had the opportunity to file an amended complaint but has not done so. *Id.* at 6; *see also* ECF No. 7 at 6.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and relevant filings. After careful consideration, the Court concludes that the Plaintiff's objections offer no showing, either factually or legally that the Report should be rejected. Therefore, **IT IS ORDERED** that the Report, ECF No. 14, is **ACCEPTED**, and the Objections to the Report, ECF No. 16, are **OVERRULED**. For the reasons stated in the Report, Plaintiff's complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

November 10, 2022
Columbia, South Carolina